UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CR-222 RLW |
| ) | |
| JEREMY BURNETT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the United States of America's motion (ECF No. 56) for an order pursuant to 18 U.S.C. §§ 3613(a) and 3664(n) authorizing the Bureau of Prisons ("BOP") to turn over to the Clerk of Court funds held in Defendant Jeremy Burnett's inmate trust account as payment toward the criminal restitution imposed in this case.  The government's Motion states that a copy of the motion was mailed to Defendant by first class mail, postage prepaid, on January 29, 2021, advising Defendant of the request to release funds from Defendant's inmate trust account and of his ability to object to turnover of the funds.  A copy was also sent electronically to Defendant's prior defense attorney.  Defendant has not filed any objection to the proposed release of funds, and the time to do so has expired.

**Background**

On October 5, 2015, Defendant pleaded guilty to one count of robbery of a federally insured institution in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2113(d). (Judgment, ECF No. 38 at 1.)  On January 4, 2016, this Court sentenced Defendant to a total of 120 months imprisonment, and 3 years supervised release.  (Id. at 2, 3.)  The Court also ordered Defendant to pay a special assessment of $100.00 and $2,969.00 in restitution jointly and severally with

Defendants Clarence Lamont Williams and Daniel Rudroff in Case No. 4:14-CR-0032 HEA (E.D. Mo.). (Id. at 5, 6.) As of the date of this Order, $574.40 of this total remains outstanding.

Defendant remains in federal custody serving his sentence of imprisonment. According to the U.S. Bureau of Prisons' Inmate Locator System, Defendant is presently incarcerated at Thomson USP in Thomson, Illinois. He is scheduled to be released from federal custody on October 18, 2025.[1]

According to the government's Motion, Defendant received a $1,200 tax credit check pursuant to Pursuant to Title II, Subtitle B, of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136 (2020). At the request of the U.S. Attorney's Office, the BOP encumbered Defendant's inmate account against further transfer, withdrawal, or assignment. The government seeks an order from this Court authorizing the BOP to turn over from Defendant's inmate trust account the funds he received from the Treasury Department under the CARES Act to be applied toward Defendant's outstanding criminal monetary restitution and special assessment obligations.

**Discussion**

The purpose of inmate trust accounts or commissary accounts is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545. A sentence, including criminal restitution, acts as a lien in favor of the United States on all property and rights to property of the person fined, including funds held by the BOP in inmate trust accounts. 18 U.S.C. § 3613(a), (c) (government enforces restitution against all property and rights to property of the defendant); 18 U.S.C § 3664(m) (government may use all available, reasonable means to collect restitution).

---

[1] Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 13, 2021).

The Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A, et seq., requires that resources received by a defendant from any source during his term of incarceration be applied to his outstanding restitution obligation. Specifically, 18 U.S.C. § 3664(n) provides that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). Under this authority, the government argues it is entitled to sum of money in Defendant's inmate trust account. Further, because the property is a cash deposit, the government argues it does not fall within any applicable categories of exempt property that a defendant may claim in a criminal case, such as (1) wearing apparel and schoolbooks; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) annuity or pension payments under certain, specified federal statutes; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Partnership Act. 18 U.S.C. § 3613(a)(1).

Under 18 U.S.C. § 3664(k), Defendant was required to notify this Court and the Attorney General of any material change in his "economic circumstances" that might affect his ability to pay restitution. See 18 U.S.C. § 3664(k). The government asserts that Defendant's receipt of over $1,200 constitutes a material change in his "economic circumstances" that affects his ability to pay restitution under section 3664(k), but Defendant did not notify this Court or the U.S. Attorney's Office of his receipt of these funds. "Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." Id. The United States submits that

3

an order authorizing the turnover of Defendant's property is reasonable and appropriate because without this relief, the BOP will be required to allow Defendant access to these funds, allowing him, or others, the opportunity to dissipate, conceal, or transfer the funds without first paying restitution.

The Court finds that Defendant's receipt of the stimulus check constitutes a material change of economic circumstances affecting his ability to pay restitution. See United States v. Pospisil, 4:18-CR-155 AGF (ECF No. 153) (E.D. Mo. Mar. 15, 2021) (finding the accumulation of approximately $1,400.00 in Defendant's inmate trust account "constitutes a material change in Defendant's economic circumstances that affects his ability to pay restitution under 18 U.S.C. § 3664(k)."). The Court also finds the Judgment in this case ordered that all criminal monetary penalties, including restitution, "are due in full immediately." (ECF No. 38 at 6.) Cf. United States v. Raifsnider, __ F. App'x __, 2021 WL 1663566, at *1 (8th Cir. Apr. 28, 2021) (stating that where the criminal case judgment appeared to indicate payment was due in installments, "the government may have lacked authority under 18 U.S.C. § 3613(a) to collect more than the installment payments").

Based on the information set forth in the Motion, the Court finds that Defendant has substantial resources in the form of money that has been deposited in his inmate account held by the BOP, and this money is not exempt from enforcement of the judgment. See 18 U.S.C. § 3613(a). The Court finds the United States has asserted valid grounds for its motion, and the relief requested is reasonable and appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff United States of America's Motion to Authorize Payment from Inmate Trust Account (ECF No. 56) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Bureau of Prisons shall turn over to the Clerk of the United States District Court for the Eastern District of Missouri all funds held in the inmate trust account of Defendant Jeremy Burnett, Reg. No. 42658-044, as payment toward criminal restitution and special assessment obligations imposed in this case. Said payment shall be limited to the amount of criminal monetary penalties due. To the extent Defendant's account balance may exceed the amount of any criminal monetary penalties due, the Bureau of Prisons is hereby directed to unencumber any such funds in the account.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 14th day of May, 2021.